UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

IN RE KING PHARMACEUTICALS, INC.   )   NO. 2:03-CV-77
                                       <u>CLASS ACTION</u>

                                       Judge Thomas Gray Hull
                                       Magistrate Judge Dennis H. Inman

### **REPORT AND RECOMMENDATION**

An agreed order (Document 221) has been entered that certifies this action as a Class Action and which designates LACERA and Detroit P&F as representatives of the class and approves the law firms of Bernstein Litowitz Berger & Grossmann LLP and Chernau, Chaffin & Burnsed PLLC as Lead Class Counsel and Liaison Class Counsel, respectively. This agreed order disposed of all outstanding issues regarding class certification with one exception: Whether or not the putative subclass, the Jones Merger Plaintiffs, should be certified as a subclass, and whether Kathleen Crews should be designated as the representative of that subclass.

The "Jones Merger" investors acquired King Pharmaceutical Stock, not by purchase on the open market as did the other plaintiffs in this litigation, but by virtue of the merger of Jones Pharmaceutical Company with King Pharmaceuticals. It is true, as defendant argues, that there is an "enormous overlap of claims," and much of the proof with respect to all class members, including the proposed subclass, will be identical. It is also true that counsel for LACERA, the class representative, asserts that they can and will prosecute the theories of recovery upon which the Jones Merger Plaintiffs must rely. It also is true that the number

of lawyers in this case seems to be increasing at an exponential rate, which admittedly is causing this Court no small amount of concern. Nevertheless, there is a sufficient conflict between the class and the proposed subclass regarding the proof required for recovery, as well as the potential for decreasing the recovery of one group at the expense of another, that there should be separate classes and independent counsel for each.

The claims of Kathleen Crews are typical of the claims of the other members of the subclass inasmuch as those claims arise from the same allegedly unlawful course of conduct and are based on the same legal theories. With the obvious assistence of counsel, Kathleen Crews, if designated as class representative, will fairly and adequately protect the interest of the subclass.

Therefore, it is respectfully recommended: (1) that those individuals or entities holding King Pharmaceuticals stock by virtue of the merger of Jones Pharmaceuticals with King Pharmaceuticals be certified as a subclass; (2) that Kathleen Crews be designated as the Representative of that subclass; and (3) that the law firms of Weiss & Lurie and Abbey Gardy be designated as counsel for the subclass.

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge