IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: KING PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 2:03-CV-77 |
| THIS DOCUMENT RELATES TO: All Actions | District Judge Thomas W. Phillips<br><br>Magistrate Judge Dennis H. Inman |

### ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending before this Court entitled *In re King Pharmaceuticals, Inc. Securities Litigation*, Civil No. 2:03-CV-77 (the "Litigation");

WHEREAS, on August 15, 2003, the Court certified a Class comprised of all persons, with certain exceptions, who purchased common stock of King Pharmaceuticals, Inc. ("King") during the time period from February 16, 1999, to March 10, 2003, inclusive (the "Class Period"), appointed Lead Plaintiffs as representatives of the Class, and approved Lead Counsel as lead counsel for the Class;

WHEREAS, on August 15, 2003, the Court also certified a Jones Subclass comprised of all persons, with certain exceptions, who acquired King stock by virtue of the merger of Jones Pharmaceuticals, Inc. with King in August 2000, appointed Jones Lead Plaintiff as representative of the Jones Subclass, and approved Jones Subclass Lead Counsel as lead counsel for the subclass;

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a

Stipulation of Settlement dated as of July 31, 2006 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Summary Notice, and the Proof of Claim and Release form (the "Proof of Claim") annexed as Exhibits B, C and D respectively to the Stipulation, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

3. Lead Counsel are hereby authorized to retain the firm of A.B. Data, Ltd. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

4. A hearing (the "Settlement Hearing") shall be held before this Court on Jan 9, 2006, at 9:00 a.m., at the United States District Court for the Eastern District of Tennessee (at Knoxville), U.S. Courthouse, 800 Market Street, Knoxville, Tennessee, 37902, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶ 1.13 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel.

5. Not later than the fourteenth day after entry of this Order (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits B and D hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort. Persons receiving the Notice and Proof of Claim who purchased King Common Stock during the Class Period for the beneficial ownership of another Person or Persons shall (a) send the Notice and the Proof of Claim to such beneficial owners of such King Common Stock within ten calendar days after receipt thereof, or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

6. Not later than seven days after the Notice Date, Lead Counsel shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal*.

7. At least seven calendar days prior to the Settlement Hearing, Lead Counsel shall serve on defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Memoranda, affidavits and other materials in support of the proposed settlement, the proposed plan of allocation, and the request for an award of fees and expenses, shall be filed not later than 21 days prior to the date of the Settlement Hearing. Any reply briefs shall be filed not later than seven days prior to the date of the Settlement Hearing.

9. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than 120 days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

11. Any Member of the Class (including Members of the Jones Merger Subclass) may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of their own choice. Any Member of the Class who does not so enter an appearance on their own behalf or through counsel of their own choice will be represented by Lead Counsel or Jones Subclass Lead Counsel.

12. Pending final determination of whether the settlement should be approved, neither the Lead Plaintiffs, the Jones Lead Plaintiff, nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

13. Any Person falling within the definition of Class Member may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than fourteen days prior to the date of the Settlement Hearing. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of King Common Stock made during the Class Period, including the dates, the number and type of securities, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

14. Any Member of the Class who has not properly requested exclusion from the Class (as provided for in paragraph 13 above) may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees and expenses should not be awarded to counsel for the Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to counsel for the Plaintiffs unless that Person has served on the following counsel (delivered by hand or sent by first class mail) written objections and copies of any papers and briefs in support thereof on or before the date that is fourteen days before the Settlement Hearing, and filed said objections, papers and

briefs with the Clerk of the United States District Court for the Eastern District of Tennessee (at Knoxville) on or before the same date:

> Robert Gans, Esq.
> BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
> 12481 High Bluff Drive, Suite 300
> San Diego, CA 92130
>
> Joseph H. Weiss, Esq.
> WEISS & LURIE
> 551 Fifth Avenue
> New York, NY 10176
>
> John C. Millian, Esq.
> GIBSON, DUNN & CRUTCHER LLP
> 1050 Connecticut Avenue, N.W.
> Washington, DC 20036

Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to counsel for the plaintiffs, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Settlement Counsel, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

18. Reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund, and Taxes owed on the Settlement Fund, shall be incurred and paid as permitted under the terms of the Stipulation without the need for further order of the Court. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for such reasonable expenses.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated this 27th day of SEPT 2006.

*Thomas W. Phillips*
THE HONORABLE THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE