**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

IN RE:  KING PHARMACEUTICALS, INC.,     )          No.  2:03-CV-77
SECURITIES LITIGATION                              )          (Phillips)

## MEMORANDUM AND ORDER

This matter is before the court on the "Notice of Exclusion from Settlement" filed by Mark C. Meiering and Margaret Gail M. Meiering [Doc. 298].  The court will treat the Meierings exclusion notice as a motion for exclusion from the settlement.

On January 9, 2007, the court held a final settlement approval hearing and then entered final judgment in this case, dismissing with prejudice the claims of all class members who had not previously filed requests to be excluded from the class.  Requests for exclusion were due postmarked no later than fourteen days before that hearing.  On February 20, 2007, the Meierings, who allege to have purchased 200 shares of King common stock in 2001, belatedly filed a document with the court captioned "Notice of Exclusion from Settlement."  In that document, the Meierings assert that they were denied due process because they received an individually-mailed settlement notice after the opt-out deadline.

Under Federal Rule of Civil Procedure 23(e)(1)(B), a district court approving a class action settlement "must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." For any class certified under rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextenisve and substantially similar. *Hartman v. Powell,* 201 WL 410461 (D.D.Cir. Mar. 15, 2001). In *Mullane v. Cen. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950), the Supreme Court held that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." The Due Process Clause does not require *actual* notice to each party intended to be bound by the adjudication of a representative action. *Id.*

On a motion for a late opt-out, a district court must determine (1) whether the movant's neglect was excusable, and (2) whether either party would be substantially prejudiced by the court's action. *Prudential Securities Inc. Limited Partnership Litigation,* 107 F.3d 3, 6 (2nd Cir. 1996). As the movants, the Meierings have the burden of proof as to excusable neglect. *Id.* at 4.

The record in this action establishes that the efforts of Lead Counsel and the Claims Administrator to provide notice to Class Members comported with all applicable constitutional requirements, as well as the requirements of the court's September 27, 2006

Order Preliminarily Approving Settlement and Providing for Notice.  The record also establishes that the Meierings, who purchased 200 shares of King Pharmaceutical Inc. Stock, had notice of the pendency of the class action and the class action settlement many months before the exclusion date, and knew, or should of known that the settlement would impact their rights, but failed to timely exclude themselves from the settlement.

While it appears that the Meierings did not receive the Notice until February 13, 2007, there can be no dispute that they have had notice of the pendency of the action since at least May 2, 2003, when they filed their complaint that was consolidated within this case.  Consequently, the Meierings were or should have been aware of the existence of the settlement of the class action and how it could impact their rights.  The Preliminary Approval Order told the Meierings everything they needed to know in order to understand that a settlement had been entered in the class action, and that the settlement would impact their rights.

Having made an appearance in the case, the Meierings were provided with notice of all orders entered.  They were also aware of the case's scheduling order and that a settlement conference had been scheduled for April 26, 2006.  This information put the Meierings "on notice that a settlement was in the making and imposed on them a duty of diligence to keep abreast of developments." *Supermarkets Gen. Corp. v. Grinnell Corp.,* 490 F.2d 1183, 1186 (2nd Cir. 1974).  In addition, the preliminary approval order stated, among other things, that the case had settled and that a final approval hearing would be held on January 9, 2006 at 9:00 a.m.  It provided the court's address for the hearing, and

it provided notice that class members could request exclusion from the class "postmarked no later than fourteen days prior to the date of the settlement hearing." Thus, the Meierings received actual notice of the settlement and their rights. Nonetheless, they took no action after receiving this notice until well after the December 2006 deadline for requesting exclusion.

In addition to the actual notice, the Meierings should have, by reasonable diligence, learned about the settlement through several other avenues. First King Pharmaceuticals filed a Form 8-K with the SEC on August 4, 2006, publicly announcing the settlement. Second, King Pharmaceuticals filed a Form 10-Q with the SEC on August 9, 2006, publicly announcing the settlement again. Third, King Pharmaceuticals filed a Form 10-Q with the SEC on November 9, 2006, publicly announcing the settlement for a third time. Fourth, the settlement administrator, A.B. Data, published summary notice of the settlement, which stated the deadline for exclusions, in the Wall Street Journal on October 13, 2006.

Because the Meierings failed to act despite receiving actual notice in September 2006 of their right to request exclusion by December 2006, and also failed to act despite numerous other opportunities to learn about the settlement, their neglect in filing a timely request is inexcusable. *See, e.g., Prudential Securities Inc. Limited Partnership Litigation,* 107 F.3d 3, 6 (2nd Cir. 1996) (affirming denial of a motion for a late opt-out where, "despite the lack of mailed notice, the [movant's] attorney knew of the class action and settlement, and could have followed up on it").

In this case, defendants took all measures reasonable to ensure that the Meierings received proper notice of the settlement. Defendants timely provided the settlement administrator, A.B. Data, with a list of all of King's shareholders of record. A.B. Data promptly sent individual notices of the settlement to each of these shareholders of record on October 11, 2006. Defendants also made numerous public disclosures about the settlement. The instant notice program satisfies the requirements of the Due Process Clause and Federal Rule of Civil Procedure 23.

Although the time period for submitting claims has now passed, the settlement fund has not been distributed. The defendants state that such distribution is not likely to take place for several more months, because class members have submitted a high number of claims (approximately 50,000 to date) to the settlement administrator for processing. Class counsel has informally indicated a willingness to move for leave to allow late claims made by the time the fund is ready to be distributed. Thus, the Meierings may be permitted, subject to the court's approval, to partake in the settlement on even footing with all other class members.

Conclusion

The record establishes both that (1) the notice program initiated by Lead Counsel and the Claims Administrator was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections and comported with due process and the requirements of the court; and (2) the Meierings had actual notice of the pendency of the

settlement and how it could impact their rights, but failed to timely act on that notice.

Accordingly, the Meierings motion for exclusion from the settlement [Doc. 298] is **DENIED.**

The Meierings' request to transfer their action to the United States District Court for the District of New Mexico is also **DENIED.**

**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge