IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: KING PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 2:03-CV-77 |
| THIS DOCUMENT RELATES TO: All Actions | District Judge Thomas W. Phillips<br><br>Magistrate Judge Dennis H. Inman |

## CLASS DISTRIBUTION ORDER

WHEREAS, on January 9, 2007, this Court entered: (i) a Final Judgment and Order of Dismissal With Prejudice (the "Final Judgment), which approved the terms of the Stipulation of Settlement dated July 31, 2006 (the "Stipulation"); (ii) an Order Approving Plan of Allocation, which approved the terms of the Plan of Allocation set forth in the Notice of Pendency of Class Action and Proposed Class Action Settlement; and (iii) a Final Judgment and Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses (the "Fee and Expense Order"); and

WHEREAS, the Final Judgment, Order Approving Plan of Allocation, and Fee and Expense Order have become Final and no longer subject to appeal, and the Effective Date of the Settlement has occurred; and

WHEREAS, in the Final Judgment, this Court retained jurisdiction over, among other things, the implementation and enforcement of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; the disposition of the Settlement Fund; and all parties to the Settlement for the purpose of construing, enforcing and administering the Settlement; and

WHEREAS, the Claims Administrator, A.B. Data, Ltd. ("A.B. Data") has completed the processing of all claims submitted in this Action and made its administrative determinations with respect to those claims; and

WHEREAS, all Claimants whose claims the Claims Administrator proposes be rejected were notified of the deficiency in their claims and given the opportunity to contest the rejection and two Claimants, Jeffery A. Benson (Claim Number 641921) and James R. Grant (Claim Number 999234) (collectively, the "Court Review Claimants"), have outstanding requests for Court review of their claims; and

WHEREAS, to date, pursuant to the terms of the Stipulation and the Court's Order Preliminarily Approving Settlement and Providing for Notice dated September 27, 2006, A.B. Data has been paid a total of $1,130,359.35 for its fees and expenses incurred in connection with its administration of the Settlement, and A.B. Data has requested payment of $72,870.14 from the Settlement Fund for its unreimbursed fees and expenses incurred and expected to be incurred in connection with the administration of the Settlement; and

WHEREAS, Plaintiffs' Counsel have applied for an award of $22,213.60 from the Net Settlement Fund in reimbursement of certain litigation expenses incurred by Plaintiffs' Counsel and not previously applied for in this Action; and

WHEREAS, the Class Representatives have moved this Court, on notice to Defendants' Counsel and the Court Review Claimants, for an order authorizing and directing distribution of the Net Settlement Fund, and the Court, having considered all the materials and arguments submitted in support of such motion, including the Class Representatives' Motion for Distribution of Settlement Fund and Supporting Memorandum (ECF Document #328), and the

2

Affidavit of Anya Verkhovskaya in Support of Class Representatives' Motion for Distribution of Settlement Fund (the "Verkhovskaya Affidavit"), submitted therewith, and upon all prior proceedings heretofore had herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The administrative determinations of the Claims Administrator accepting the timely-filed claims set forth in Exhibit Q to the Verkhovskaya Affidavit and accepting the late-filed claims (*i.e.*, claims filed after February 8, 2007, or, with respect to Claimants who received shares of King common stock in exchange for shares of Medco stock, claims filed after March 8, 2007) but otherwise valid claims set forth in Exhibit R to the Verkhovskaya Affidavit, be and the same hereby are approved, and said claims are hereby accepted and eligible for payment from the Net Settlement Fund based on the Recognized Loss amounts set forth in said Exhibits Q and R, except that no distribution shall be made with respect to the three identified potentially fraudulent claims until a final determination has been made with respect to those claims.

3. The administrative determinations of the Claims Administrator rejecting the claims set forth in Exhibit S to the Verkhovskaya Affidavit (including the claims submitted by Court Review Claimants Jeffery A. Benson (Claim Number 641921) and James R. Grant (Claim Number 999234)), be and the same hereby are approved, and said claims are hereby rejected.

3

Case 2:03-cv-00077-TAV-DHI   Document 333   Filed 01/05/10   Page 3 of 6   PageID #: 1820

4. No claim received on or after the date of execution of the Verkhovskaya Affidavit (*i.e.*, October 30, 2009) may be accepted for any reason whatsoever.

5. A.B. Data's fees and expenses incurred to date in connection with the administration of the Settlement, and its estimated fees and expenses for the distribution of the Net Settlement Fund, are hereby approved, and the outstanding balance of such fees and expenses in the amount of $72,870.14 shall be paid out of the Settlement Fund prior to distribution.

6. Plaintiffs' Counsel are hereby awarded a payment of $22,213.60 from the Settlement Fund in reimbursement of certain litigation expenses incurred by Plaintiffs' Counsel and not previously applied for in this Action.

7. A.B. Data shall distribute the available balance of the Settlement Fund, after deducting the payments previously allowed and authorized herein, and after the payment of any estimated taxes and the costs of preparing appropriate final tax returns and any escrow fees, to the Authorized Claimants listed in Exhibits Q and R to the Verkhovskaya Affidavit who would receive a distribution of at least $10.00 based on their Recognized Losses in comparison to the total Recognized Losses of all Authorized Claimants.

8. The checks to be distributed to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its distribution check within said time, and the costs of such services to

locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund.

9. As provided in the Plan of Allocation previously approved by the Court, if any funds remain in the Net Settlement Fund by reason of un-cashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any cash balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall, if economically feasible, be re-distributed after payment from this balance of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution to Class Members who have cashed their checks and who would receive at least $10.00 per claim from such re-distribution. If after nine months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel and approved by the Court.

10. A.B. Data is authorized to destroy the paper copies of the Claims Forms and other physical media submitted by Claimants one year after the final distribution of the Net Settlement Fund, and to destroy electronic copies of claim records three years after final distribution of the Net Settlement Fund.

11. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (the "Released Persons") are released and discharged from any and all claims arising out of such involvement,

5

Case 2:03-cv-00077-TAV-DHI   Document 333   Filed 01/05/10   Page 5 of 6   PageID #: 1822

and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the Released Persons beyond the amount allocated to them as provided in this Class Distribution Order.

12. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement and such other and further relief as this Court deems appropriate.

DATED: 12/31/09 , 2009

BY THE COURT:

_____
THE HONORABLE THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

# 322828.5

6

Case 2:03-cv-00077-TAV-DHI   Document 333   Filed 01/05/10   Page 6 of 6   PageID #: 1823